UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESLEY BIRRELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE DiTOMAS, et al.,<br><br>Defendants. | No. 2:22-cv-01528-KJM-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion to appoint counsel. ECF No. 31. The motion also seeks to have the court appoint an expert witness. *Id*. at 1-2. Defendants have not responded to plaintiff's motion. For the reasons stated hereafter, plaintiff's motion is denied.

### Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional cases, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

1

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered these factors, the court finds there are no exceptional circumstances in this case.

### Request to Appoint Expert Witness

Plaintiff's motion to appoint counsel includes his argument that the court should also appoint an expert witness to assist plaintiff in responding to defendants' expert medical physician report.  ECF No. 31 at 1-2.  Plaintiff declares that defendant's expert witness was "previously undisclosed."  *Id*. at 8.  Plaintiff is apparently referring to the declaration of B. Feinberg, M.D., submitted with defendants' motion for summary judgment.  *See* ECF No. 25-9.  The place to raise plaintiff's objection to Feinberg's declaration is in plaintiff's brief in opposition to the motion for summary judgment and the court will consider the issue there.

### Deposition Transcript

Finally, the court notes sua sponte that defendants have submitted portions of plaintiff's deposition transcript with their motion for summary judgment, but they apparently have not submitted the entire deposition transcript or an electronic copy of the entire deposition as required by Local Rule 133(j).  If defendants want the court to rely on the excerpts of the deposition cited in their motion for summary judgment, they must file the entire deposition transcript as required in Local Rule 133(j).

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel and an expert (ECF No. 31) are DENIED without prejudice.

2. Within 10 days of issuance of this order, defendants shall provide the entire transcript or electronic copy of plaintiff's deposition as required by Local Rule 133(j).

3. Plaintiff is granted additional time up to and including February 7, 2025 to file an opposition to the motion for summary judgment.  **No further extensions of time will be granted absent a showing of extraordinary circumstances**.

Dated: January 27, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2