UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESLEY BIRRELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE DiTOMAS, et al.,<br><br>Defendants. | No. 2:22-cv-01528-KJM-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 alleging an Eighth Amendment claim for deliberate indifference to serious medical needs. On May 10, 2024, defendants filed a motion for summary judgment. On June 13, 2024, the court granted plaintiff's request for an extension of time until August 10, 2024 to file an opposition to the motion. But rather than filing an opposition, plaintiff sought another extension. The court granted that request and allowed plaintiff until September 16, 2024 to oppose summary judgment. But, again, plaintiff failed to file an opposition and instead, on September 4, 2024, filed a motion to appoint counsel. On January 27, 2025, the court denied without prejudice plaintiff's motion to appoint counsel but granted additional time until February 7, 2025 to file his opposition to the summary judgment motion. Plaintiff has not responded to that order and has still not filed his opposition to the motion.

////

1

A court may dismiss an action based on a party's failure to prosecute the case. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). The court must consider five factors in determining whether to dismiss for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. at 1423. The case may be dismissed where at least four factors support dismissal, or where three factors strongly support dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (*citing Malone v. United States Postal Serv*., 833 128, 133 & n.2 (9th Cir. 1987) *and Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). "Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth *Henderson* factor." *Id*. (citing *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992)).

As to the first *Henderson* factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case is no exception.

As to the second *Henderson* factor, the trial court is in the best position to determine when a litigant's unresponsiveness interferes with docket management. *Id*.; *Pagtalman v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Defendants' motion for summary judgment has been pending for over nine months. Plaintiff has not responded despite three extensions of time. The deadline set by the third extension has passed and plaintiff has failed to respond or to file any other pleading. Plaintiff's lack of response has interfered, and continues to interfere, with the court's ability to manage its docket. This factor weighs strongly in favor of dismissal.

As to the third *Henderson* factor, the court cannot fully assess the question of prejudice to defendants. Pendency of a lawsuit is not in and of itself prejudicial, and limited delays "are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays." *Pagtalunan*, 281 F.3d at 642 (citation and internal quotation marks omitted). However, a nontrivial length of time has already elapsed since defendants filed their motion for summary judgment. Also, "the risk of prejudice to the defendant is related to the strength of the plaintiff's excuse" for noncompliance. *Stone v. City of Tucson*, 249 F.R.D. 326,

328 (D. Ariz. 2008) (citations and internal quotation marks omitted). Plaintiff has not filed any pleading explaining the failure to comply with the court's third extension of time, and so has not shown any strong excuse that would counter prejudice to defendants. Plaintiff's first two requests for additional time cited limited access to the law library, and that plaintiff had been ill during the month of July 2024 but was sufficiently recovered to proceed as of August 2024. Those concerns do not appear to excuse compliance with the most recent deadline. The Ninth Circuit has affirmed dismissal where the plaintiff has disregarded "deadlines, warnings, and schedules set by the district court" and even though there is no specific showing of prejudice to defendants, because a lack of prejudice to defendants is not determinative in such circumstances. *Id*. (quoting *Henderson*, 779 F.2d at 1425). Plaintiff has failed to comply with: (1) Local Rule 230(c) requiring timely response to a motion for summary judgment; as well as (2) the extended deadline set by the court. The court warned plaintiff when it granted the second extension of time for response that "[n]o further extensions of time will be granted absent a showing of extraordinary circumstances." ECF No. 30. The court repeated the same warning when it granted the third extension of time. ECF No. 32. This factor weighs strongly in favor of dismissal.

As to the fourth *Henderson* factor, the public policy favoring disposition of cases on their merits weighs against dismissal. *Hernandez*, 138 F.3d at 399. This case is no exception.

As to the fifth *Henderson* factor, the court has already granted three extensions of time for plaintiff to respond to defendants' motion and has twice advised plaintiff that any additional extension would require a showing of extraordinary circumstances. Plaintiff has not explained nor shown any extraordinary circumstances that would support any further extension of time. The court will recommend that this case be dismissed without prejudice as it is a less drastic alternative than dismissal with prejudice. As another alternative to dismissal, the court is allowing plaintiff to choose to file a response to defendants' motion for summary judgment in lieu of dismissal. For these reasons, this factor weighs strongly in favor of dismissal.

In sum, the *Henderson* factors weigh in favor of dismissal without prejudice, and at least three factors weigh strongly in favor of dismissal. Accordingly, it is hereby RECOMMENDED that:

1. The case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to administratively terminate all pending motions and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 24, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4