UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Wesley Birrell, aka Bella-Christina Birrell,<br><br>                Plaintiff,<br><br>   v.<br><br>Michele DiTomas, et al.,<br><br>                Defendants. | No. 2:22-cv-01528-KJM-EFB<br><br>ORDER |

Plaintiff Bella-Christina Birrell[1] is incarcerated. She alleges in this action that the chief medical officer at the state prison where she was incarcerated, along with a staff physician and correctional lieutenant, subjected her to cruel and unusual punishment by taking the power cord for her continuous positive air pressure (C-PAP) machine. *See* Compl. ¶¶ 39–41. The case was referred to the assigned Magistrate Judge for all pretrial matters under this District's Local Rules. *See* E.D. Cal. L.R. § 302(c). Discovery has closed, and defendants seek summary judgment. *See generally* Mot, ECF No. 25.

/////

---

[1] According to the complaint, plaintiff uses feminine pronouns. Compl. ¶ 4, ECF No. 1. The court has done the same in this order.

1

1    After defendants filed their pending motion, Birrell twice requested and received
2 extensions of time to prepare and file her opposition. *See generally* Order (June 13, 2024), ECF
3 No. 28; Order (Aug. 16, 2024), ECF No. 30.  She then asked the Magistrate Judge to appoint an
4 attorney to represent her because she is indigent and, in her view, cannot adequately respond to
5 defendants' arguments and evidence without the assistance of counsel.  *See generally* Mot.
6 Appoint Counsel, ECF No. 31.  She also claimed that defendants had wrongfully surprised her
7 with previously undisclosed medical opinions.  *See id.* at 4.  The Magistrate Judge denied her
8 motion but granted her a further extension of time to file her opposition, and the Magistrate Judge
9 confirmed she could contend again in her opposition that defendants had wrongfully withheld
10 evidence.  *See generally* Order (Jan. 27, 2025), ECF No. 32.  Birrell did not file an opposition by
11 the deadline.  The Magistrate Judge now recommends dismissing the action for lack of
12 prosecution.  *See generally* F&Rs, ECF No. 34.  No party filed objections.

13    The court declines to adopt the findings and recommendations.  "[D]ismissal is a harsh
14 remedy and, therefore, it should only be imposed in extreme circumstances."  *Hernandez v. City*
15 *of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis omitted) (quoting *Ferdik v. Bonzelet*,
16 963 F.2d 1258, 1260 (9th Cir. 1992)).  Birrell does not appear to have violated any court orders,
17 and it appears the only lack of prosecution on her part is the absence of any opposition to the
18 pending motion.  The five factors this court must consider before imposing dismissal as a
19 sanction also weigh in favor of moving forward to address the pending motion for summary
20 judgment on the merits: (1) the court can ensure this case is resolved expeditiously by acting on
21 that motion, which is now fully briefed; (2) resolving that motion will not prevent this court from
22 managing its docket; (3) the risk of prejudice to defendants is unclear and does not favor outright
23 dismissal heavily, if at all, as it is their pending motion that is currently at issue; (4) public policy
24 favors the resolution of this case on its merits; and (5) less drastic sanctions are available,
25 including the enforcement of Local Rule 230(c), which governs oppositions to motions.  *See*, *e.g.*,
26 *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226–29 (9th Cir. 2006)
27 (listing and discussing these factors and their purposes).

1         In sum, the court **declines to adopt** the findings and recommendations (ECF No. 34) and
2 **refers the matter back to the assigned Magistrate Judge** for all further pretrial proceedings.
3         IT IS SO ORDERED.
4   DATED: May 15, 2025.

_____
UNITED STATES DISTRICT JUDGE

3